UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE GREEN,

                              Plaintiff,

                -against-                              25-CV-1194 (CS)

DANIEL F. MARTUSCELLO III; ANNE MARIE             ORDER OF SERVICE
MCGRATH; MARK MILLER; JOHN/JANE DOE
(NURSE ADMINISTRATOR); ASHUNG;
DEPARTMENT OF CORRECTIONS,

                              Defendants.

---

CATHY SEIBEL, United States District Judge:

      Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, asserting constitutional claims of deliberate indifference to his serious medical needs. By order dated February 14, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] Plaintiff names as Defendants the Department of Corrections, known as the New York State Department of Corrections and Community Supervision ("DOCCS"); DOCCS Commissioner Daniel Martuscello III; DOCCS Deputy Commissioner Anne Marie McGrath; Green Haven Superintendent Mark Miller; a Jane or John Doe DOCCS Nurse Administrator; and "Ashung," a medical provider at Green Haven.

      As set forth in this order, the Court (1) dismisses the official-capacity claims against DOCCS and Commissioner Martuscello under the Eleventh Amendment, and the personal-capacity claims against Commissioner Martuscello and Superintendent Miller for lack of personal involvement; (2) directs the Clerk of Court to add as a defendant, Dr. K Young Kim,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

and orders service on Deputy Commissioner McGrath, Ashung, and Kim; and (3) directs the New York State Attorney General to identify the Nurse Administrator involved in Plaintiff's medical care.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.   DOCCS and Commissioner Martuscello

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's Section 1983 official-capacity claims against DOCCS and Commissioner Martuscello, both arms of the State of New York, are therefore barred by the Eleventh Amendment and are dismissed.

## B.    Commissioner Martuscello and Superintendent Miller

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under Section 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Martuscello and Miller were personally involved in the events underlying Plaintiff's claims. Plaintiff's personal-capacity claims against these defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Dr. K Young Kim**

In the complaint, Plaintiff refers to a doctor at Green Haven, K Young Kim, who he states provided him with inadequate medical care. In light of Plaintiff's *pro se* status, and clear intention to name this doctor as a defendant, the Court directs the Clerk of Court to amend the caption of this action to add Kim as a defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Kim may wish to assert.

**D.     Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants McGrath, Ashung, and Kim through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**E.      Jane or John Doe Nurse Administrator**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the Jane or John Doe Nurse Administrator who participated in any decision making regarding Plaintiff's medical treatment at Green Haven Correctional Facility. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the DOCCS, must ascertain the identity of the Nurse Administrator and the address where this defendant may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the Nurse Administrator. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**CONCLUSION**

The Court dismisses Plaintiff's claims against "Department of Corrections," Commissioner Martuscello III, and Superintendent Miller. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii)

The Court directs the Clerk of Court to amend the caption of this action to add Dr. K Young Kim as a defendant. *See* Fed. R. Civ. P. 21.

The Court instructs the Clerk of Court to issue a summonses for McGrath, Ashung, and Kim; complete the USM-285 form with the address for these defendants; and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to New York State Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   February 26, 2025
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Deputy Commissioner Anne Marie McGrath
   Department of Corrections and Community Supervision
   1220 Washington Avenue, Building 9
   Albany, NY 12226

2. Ashung, Medical Provider
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

3. Dr. K Young Kim
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010